IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-30011 |
| | ) | |
| REBECCA M. CHAMPLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on July 10, 2006, for the sentencing of Defendant Rebecca M. Champley. Defendant Champley appeared in person and by her attorney Jeffrey Page. The Government appeared by Assistant U.S. Attorneys Patricia McInerney and Delores R. Hurley. On March 3, 2006, Defendant Champley pleaded guilty to the charge of conspiracy to manufacture a controlled substance–methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), as alleged in Count 1 of the Indictment (d/e 1). The United States Probation Office prepared a Revised Presentence Investigation Report (PSR), dated June 22, 2006. The Government had no objections to the PSR.

The Defendant objected to certain facts in paragraphs 26 to 65 of the PSR, but did not object to the quantity of drugs for which she was held accountable based on these paragraphs or any other matter in these paragraphs that affected the calculation of the sentencing range under the Sentencing Guidelines. The Court therefore found that a ruling on the objection was not necessary because the objection would not affect sentencing. Fed. R. Crim. P. 32(i)(3)(B).

Champley also objected to paragraphs 32, 36, and 103. These paragraphs state that the Champley should receive a three-level enhancement in her offense level for creating a substantial risk of endangering human life or the environment. U.S.S.G. § 2D1.1(b)(6)(B). For reasons stated of record, the Court overruled this objection. Champley failed to present any evidence to support her objection. As explained of record, the Court found the evidence in the PSR to be credible and to support the enhancement.

The Court therefore adopted the findings of the PSR as its own. Accordingly, the Court found that Defendant Champley had an offense level of 34, and was in Criminal History Category IV. The resulting Guideline sentencing range was 210 to 262 months, in Zone D of the Guideline

Range.  The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Champley's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information.  United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).

Champley then asked for a downward departure because her Guideline criminal history calculation over-represented the seriousness of her criminal history and the likelihood that Champley will commit other crimes.  U.S.S.G. § 4A1.3(b).  For reasons stated of record, the Court agreed that the Guideline calculation over-represented the seriousness of her criminal history and the likelihood that she will commit other crimes.  Two of her criminal history points resulted from low level misdemeanors and were over ten years old.  The Court therefore allowed a downward departure in the Guideline sentencing range to 188 to 235 months.  This range was the applicable Guideline sentencing range in Criminal History Category III rather than Category IV.

The Court further, in the exercise of its discretion, and for reasons stated of record, determined that the sentence should be slightly below the Guideline range in this case because of Champley's role in the offense and

to avoid sentencing disparity with her co-defendant and with defendants in related cases and others that were involved in the conspiracy. The Court determined, in its discretion, that 175 months imprisonment would be an appropriate sentence.

The Court, in the exercise of its discretion, also allowed the Government's oral motion that Champley receive a credit for 213 days served in a state sentence in Christian County, Illinois, Circuit Court Case No. 04-CF-11 because her conduct in that case was part of the conduct that made up the offense of conviction. Cf. U.S.S.G. §§ 5K2.23. The Court thus, in acknowledging that she should receive this credit, determined that a sentence of 168 months imprisonment was appropriate.

THEREFORE, after considering the case file, the evidence presented, the Guidelines, the relevant statutory sentencing factors, the arguments of counsel, and the statement of Defendant Champley, the Court sentenced Defendant Champley to a term of 168 months imprisonment on Count 1; to be followed by 5 years of supervised release on Count 1; and imposed a $100.00 special assessment. The Court determined that no fine should be imposed. The Court granted the Government's motion to dismiss Count 2 and the Forfeiture Count of the Indictment. The Court recommended to

the Bureau of Prisons that Champley be placed in a facility that has an intensive drug treatment program and is also as close to Taylorville, Illinois, as possible. The Court then informed Champley of her right to appeal her conviction and sentence.

IT IS THEREFORE SO ORDERED.

ENTER: July 12, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE