IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-30011 |
| ) | |
| REBECCA M. CHAMPLEY, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Defendant Rebecca M. Champley, proceeding pro se, has filed a Motion for Sentence Reduction (d/e 105) pursuant to 28 U.S.C. § 3582(c)(2). Because this Court lacks jurisdiction over the request, the Motion is DISMISSED.

### I. BACKGROUND

On March 3, 2006, Defendant pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) as alleged in Count 1 of the Indictment (d/e 1). On July 10, 2006, the Court sentenced Defendant to 168 months' imprisonment to be followed by five years of supervised release.

See Sentencing Opinion (d/e 56). On July 19, 2006, Defendant's sentence was adjusted to account for the time Defendant was incarcerated for her conviction in Christian County, Illinois, Circuit Court Case No. 04-CF-11, because her conduct in that case was part of the conduct that made up the offense of conviction in this Court. See July 19, 2006 Text Order. Defendant was sentenced to 164 months' imprisonment. See Amended Judgment (d/e 63).

On July 3, 2007, the Government filed a Motion for Reduction of Sentence (d/e 94). On August 13, 2007, following a hearing, the Court granted the Motion and sentenced Defendant to 132 months' imprisonment. See August 13, 2007 Minute Entry.

On September 13, 2014, Defendant filed the Motion for Sentence Reduction (d/e 105) at issue herein. On October 9, 2014, the Government filed a response (d/e 107).

## II. ANALYSIS

In the Motion, Defendant seeks a 12-month reduction of her sentence to reflect the reduction she "would" receive for completing the Residential Drug Abuse Program operated by the Bureau of Prisons (BOP).

Pursuant to 18 U.S.C. § 3621(e)(2)(B), BOP may reduce by up to one year the sentence of a nonviolent offender who successfully completes a treatment program. See 18 U.S.C. § 3621(e)(2)(B). Defendant recognizes that BOP has the discretion to award the reduction. See Lopez v. Davis, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau of Prisons thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment"). Defendant asserts that she met two out of the three requirements for a reduction (acceptance into the program and successful completion of the program) to satisfy a discretionary reduction, but that BOP did not reduce Defendant's sentence. See Motion (d/e 105) (identifying Defendant as a "violent offender"). Therefore, Defendant seeks a reduction from this Court pursuant to 18 U.S.C. § 3582(c)(2).

A district court has "limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Section 3582(c)(2) of Title 18 of the United States Code permits a court to modify a previously imposed term of imprisonment where (1) the defendant was sentenced "to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

In this case, Defendant is not seeking a reduction on the ground that the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Defendant is instead asking this Court to review BOP's decision not to award a sentence reduction. Therefore, this Court has no authority under § 3582(c)(2) to reduce Defendant's sentence. The Court also notes that courts have generally held that individual decisions to deny early release under § 3621 are not reviewable. See Tiger v. Rios, No. 13-1006, 2013 WL 2181132, at * 2 (C.D. Ill. May 20, 2013) (citing cases).

## III. CONCLUSION

For the reasons stated, Defendant's Motion for Sentence Reduction (d/e 105) is DISMISSED for lack of subject matter jurisdiction.

ENTER: October 17, 2014

FOR THE COURT:

                        s/Sue E Myerscough
                      SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE