E-FILED
Tuesday, 24 July, 2018 04:41:35 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-cr-30011 |
| | ) | |
| REBECCA M. CHAMPLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Defendant Rebecca M. Champley, proceeding pro se, has filed a Motion for Reconsideration of Sentence (d/e 153) in light of her rehabilitation efforts since sentencing. Because this Court lacks jurisdiction over the request, the Motion is DISMISSED.

### I. BACKGROUND

On March 3, 2006, Defendant pleaded guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) as alleged in Count 1 of the Indictment (d/e 1). On July 10, 2006, the Court sentenced Defendant to 168 months' imprisonment to be followed by five years of supervised release.

See Sentencing Opinion (d/e 56). On July 19, 2006, Defendant's sentence was adjusted to account for the time Defendant was incarcerated for her conviction in Christian County, Illinois, Circuit Court Case No. 04-CF-11, because her conduct in that case was part of the conduct that made up the offense in this Court. See July 19, 2006 Text Order. Defendant was sentenced to 164 months' imprisonment. See Amended Judgment (d/e 63). On July 3, 2007, the Government filed a Motion for Reduction of Sentence (d/e 94). On August 13, 2007, following a hearing, the Court granted the Motion and sentenced Defendant to 132 months' imprisonment. See August 13, 2007 Minute Entry. On September 13, 2014, Defendant filed a Motion for Sentence Reduction (d/e 105), asking the Court to review the Bureau of Prison's decision not to award a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). The Court dismissed the motion for lack of jurisdiction.

On October 6, 2015, the Court reduced Defendant's imprisonment sentence from 132 months to time served effective November 1, 2015 (approximately 127 months) in light of the retroactive application of Amendment 782 to the United States

Sentencing Guidelines.  Finally, on November 1, 2017, Defendant's supervised release term was revoked for violations of her conditions of supervised release.  The Court sentenced Defendant on revocation to 18 months imprisonment and one year of supervised release.

## II. ANALYSIS

In the Motion, Defendant seeks a sentence reduction to reflect the rehabilitation she has achieved since her revocation sentencing. Attached to the Motion are records of Defendant's education activities in prison, including the courses she has participated in, test scores, and certification of completion of her GED or high school diploma.  Also attached are records of Defendant's work history while in prison.  Finally, Defendant attached several certificates of completion that she earned while in prison for completion of several programs: Drug Abuse Education Course, Trauma in Life Pre-Requisite Workshop, and several chapel classes—one certificate for Walk Through the Bible and two certificates for Walking the 12 Steps with Jesus Christ.

A district court has "limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th

Cir. 2003). Rule 35 of the Federal Rules of Criminal Procedure sets forth two circumstances in which a district court may change a sentence. Rule 35(a) establishes that a court may correct a sentence within 14 days of sentencing for an arithmetical, technical, or other clear error. Rule 35(b) allows a district court to reduce a sentence for the defendant's substantial assistance to the Government in investigating or prosecuting another person.

Section 3582(c) of Title 18 of the United States Code also provides a district court authority to modify a previously-imposed term of imprisonment. First, the court can adjust the prison term where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

Second, a court may resentence a defendant if the Bureau of Prisons moves for a sentence reduction because of extraordinary

and compelling reasons or because the defendant is at least 70 years old, has served at least 30 years of his imprisonment term, and is not dangerous.  18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant is not seeking a resentencing for clear error or substantial assistance.  Further, Defendant is not seeking a reduction pursuant to a reduced Guideline range.  Defendant is instead asking this Court to review her sentence in light of her rehabilitation efforts since sentencing.  Therefore, this Court has no authority under Rule 35 or § 3582(c) to reduce Defendant's sentence.

The Court also notes that the citations on which Defendant relies do not support a basis for the Motion.  The Motion purports to be brought pursuant to 18 U.S.C. § 3742(e).  However, § 3742 applies only to appellate courts reviewing sentences.  It does not authorize the district court to review its previously-imposed sentence, as Defendant requests here.  Nor do the cited cases provide such authority.  In <u>Pepper v. United States</u>, the Supreme Court held that once a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's post-sentencing rehabilitation, which may support a

downward variance from the Guideline range. 562 U.S. 476, 481 (2011). The case does not provide a basis for a district court to reconsider a sentence that has not been set aside by an appellate court and remanded for resentencing. In Gall v. United States, the Supreme Court found that it was proper for the district court to consider the defendant's post-offense rehabilitation in determining the proper sentence. 552 U.S. 38, 59 (2007). The case provides a basis for a district court to consider the defendant's rehabilitation from the time that the defendant was charged up to sentencing. The case does not provide support for a district court's ability to <u>re</u>-sentence based on rehabilitation (from, as Defendant requests here, the time of sentencing).

## III. CONCLUSION

For the reasons stated, Defendant's Motion for Sentence Reduction (d/e 153) is DISMISSED for lack of subject matter jurisdiction.

**ENTERED: July 23, 2018**

**FOR THE COURT:**

                                 <u>s/ Sue E. Myerscough</u>
                                 SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE